Francis and Barbara **BRUN,**
Respondents,

v.

**COMMISSIONER OF REVENUE,**
Relator.

No. C8–95–929.

Supreme Court of Minnesota.

June 6, 1996.

---

Hubert H. Humphrey, III, Attorney General, Thomas M. O'Hern, Jr., Gregory P. Huwe and Kurt J. Erickson, Asst. Attorneys General, Tax Litigation Division, St. Paul, for Relator.

Francis Brun and Barbara Brun, Red Lake, Respondents pro se.

## OPINION

COYNE, Justice.

Certiorari on relation of the Commissioner of Revenue to review a decision of the Minnesota Tax Court determining that the income earned by taxpayers Francis Brun and Barbara Brun during the years from 1979 to 1988 is not subject to state taxation. We reverse and remand.

Francis and Barbara Brun, who are married, are enrolled members of the Red Lake Band of Chippewa Indians. Both were born on the Red Lake Reservation, have lived on the Reservation for most of their lives and were employed there during the years in question. However, from 1979 to 1988, the Bruns owned and often occupied a home located off the Reservation in Bemidji. The record before us unequivocally demonstrates that the Bemidji home was purchased in July 1979; that the Bruns lived in the home from July 1979 to August 1980, from August 1981 to October 1982 and sporadically during the period from 1986 to 1988. While the Bruns have maintained that their primary residence was on the Reservation, they have conceded that they spent a percentage of their time in the Bemidji home during most of the period in question. The record discloses that for most of the period from 1979 to 1988, the Bruns continued to receive mail and bills at the Bemidji address; they applied for and received homestead status for the Bemidji residence for each of the 10 years, claiming on the homestead application that the house

was their "permanent residence"; and testimony of Bemidji neighbors was offered to establish their physical presence at the home.

Despite this comprehensive evidence of physical residence beyond the boundaries of the Reservation, the Tax Court held that the Bruns' income earned on the Reservation for that 10-year period was not subject to state income taxation because the Bruns were not "domiciled" in Minnesota. The court acknowledged that there was "little question that the Bruns during some periods spent a lot of time" at the Bemidji home, but concluded that they did not *intend* to abandon the Reservation as their domicile and thereby establish a new domicile in Bemidji.

■ It is well-settled that states are without authority to tax income of tribal members who live and earn their income on a Reservation within the state. *McClanahan v. Arizona State Tax Comm'n,* 411 U.S. 164, 181, 93 S.Ct. 1257, 1267, 36 L.Ed.2d 129 (1973). Moreover, we reached the same result in 1970 when we held that because of the unique status of enrolled tribal members "living" on the Reservation, the state lacked the authority to impose a state income tax on the earnings of those members whose income is the result of their employment on the Reservation. *Commissioner of Taxation v. Brun,* 286 Minn. 43, 174 N.W.2d 120 (1970). Stated another way, tribal members "going beyond Reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State." *Mescalero Apache Tribe v. Jones,* 411 U.S. 145, 148–49, 93 S.Ct. 1267, 1270–71, 36 L.Ed.2d 114 (1973).

■ In our view, by injecting the concept of "domicile" into these proceedings, the Tax Court has unduly complicated a rather narrow inquiry—did the taxpayers demonstrate that they resided within the boundaries of the Reservation during the tax years in question and that, accordingly, the state lacked the authority to impose a state income tax on their income earned on the Reservation?

Minnesota Statutes § 290.014, subd. 1 (1994) provides that all net income of a "resident individual" is subject to tax under Minn.

Stat. ch. 290. The term "resident" is defined at Minn.Stat. § 290.01, subd. 7 as "(1) any individual domiciled in Minnesota * * *" and "(2) any individual domiciled outside the state who maintains a place of abode in the state and spends in the aggregate more than one-half of the tax year in Minnesota * * *." While these definitions are instructive, they are not dispositive of the ultimate question with regard to the unique status accorded individuals who, while "domiciled" within the geographical boundaries of the State of Minnesota, "reside" on the Reservation.

On this record, it is apparent that these taxpayers have not demonstrated that they resided on the Red Lake Reservation during the entire 10–year period involved in this tax dispute. Accordingly, the decision of the Tax Court that their income for those years was not subject to state income taxation is reversed and the matter is remanded to that court for its reconsideration of this record to calculate the income tax due on income earned during the periods the taxpayers did not reside on the Reservation.

Reversed and remanded.